PREFERRED AUTOMOBILE INSURANCE CO. *v.* GRAND
RAPIDS GARAGES, INC.

BAILMENT—MOTOR VEHICLES—NEGLIGENCE—STATUTES.
Contract with garage owner to furnish chauffeur to drive auto-
mobile to another city and return was one for personal
service and not of bailment, and therefore 1 Comp. Laws
1929, §§ 4796–4800, providing that proof of damage while in
garage owner's custody shall be *prima facie* evidence of neg-
ligence, is inapplicable.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted January 12, 1932. (Docket No. 102, Calendar
No. 36,219.) Decided April 4, 1932.

Assumpsit by Preferred Automobile Insurance
Company, a Michigan corporation, as assignee,
against Grand Rapids Garages, Incorporated, a
Michigan corporation, and another on an alleged
contract of bailment of an automobile. Verdict and
judgment for defendants. Plaintiff appeals. Af-
firmed.

*Rodgers & Dunn,* for plaintiff.

*Knappen, Uhl, Bryant & Snow,* for defendants.

McDONALD, J. Dr. Fred C. Warnshuis of Grand
Rapids, Michigan, carried automobile insurance with
the plaintiff company. His automobile was dam-
aged while being driven by Hammond Babb, an em-
ployee of the defendant Grand Rapids Garages, Inc.
He made a claim under his policy. Settlement was
made by the plaintiff who then became subrogated

to his rights.   Defendants denied liability for the damages and hence this suit.

The testimony shows that Dr. Warnshuis requested the Grand Rapids Garages to furnish him a man to drive his car from Grand Rapids to Manistee and return.   The defendant Babb was selected for that purpose.   It was a service for hire.   He made the trip to Manistee in safety, but, on his return, the automobile ran off the road and was badly damaged. The record does not show the cause of the accident. The theory of the plaintiff's case is that Dr. Warnshuis and the Grand Rapids Garages entered into a contract of bailment whereby the doctor delivered possession of his automobile, in good condition, to be driven from Grand Rapids to Manistee and back and returned to him in as good condition as when it was received by the Grand Rapids Garages; that it was returned in a damaged condition; and that these facts establish a *prima facie* case of negligence against the Grand Rapids Garages under 1 Comp. Laws 1929, §§ 4796–4800.   This theory made no favorable appeal to the trial court, and he directed a verdict against the plaintiff.

The evidence does not show a bailment.   The doctor did not deliver his car to the defendant Grand Rapids Garages.   The contract was that the defendant should send a driver to the Bronson garage, where the car was stored, drive it to Manistee with Mrs. Warnshuis and her brother, and return it to the Bronson garage.   The contract was not as plaintiff claims—to transport the car to Manistee.   All the defendant was required to do was to furnish a chauffeur.  It was a contract for the personal service of a servant.   There was no bailment about it, and, as there was no bailment, the statute relied on by the plaintiff has no application.   The facts established

did not make a *prima facie* case of negligence against the Grand Rapids Garages; and, as there was no showing of negligence on the part of the driver of the car, the court correctly directed a verdict as to both of them. The judgment is affirmed, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.